**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel Bernal, husband, individually and on behalf of Kevin Bernal, their minor son, et al., | ) ) ) ) | No. CV09-1502 PHX-DGC |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| Daewoo Motor America, Inc., a Delaware corporation, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs Manuel, Paula, and Christopher Bernal ("the Bernals"), on behalf of themselves and others, filed a claim against Defendants Daewoo Motor America, Inc., Daewoo Motor Co., Ltd. (collectively "Daewoo"), and other Defendants. Dkt. #1. Daewoo filed an answer (Dkt. #16) and the Bernals have moved to strike the affirmative defenses and demands in Daewoo's answer (Dkt. #19). The motion is fully briefed. For the reasons that follow, the Court will grant in part and deny in part the Bernals' motion.

**I.  Background.**

The Bernals, who are Arizona residents, purchased a 2000 Daewoo Leganza in Arizona. Dkt. #22 at 4.[1] On July 28, 2007, while driving in Mexico, the Bernals were

---

[1] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page, not to the numbers at the bottom of each page of a document.

involved in a rollover accident. Dkt. #19 at 2; Dkt. #20 at 2. The Bernals allege that "[d]uring the rollover, the [v]ehicle's roof buckled," causing substantial injuries to them and fatal injuries to Manuel Bernal's mother-in-law who was also in the vehicle. Dkt. #19 at 2. On July 21, 2009, the Bernals filed the present case against Daewoo and others, asserting claims for product liability, wrongful death, breach of warranty, failure to warn, and loss of consortium, as well as claims under the Arizona survival statute. Dkt. #1. On September 1, 2009, Daewoo filed its answer, which included 17 affirmative defenses and a demand for attorneys' fees. Dkt. #16. The Bernals have moved to strike all affirmative defenses and the demand. Dkt. #19.

## II.     Arizona law applies.

"In a diversity case, the district court must apply the choice-of-law rules of the state in which it sits." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Arizona has adopted the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *See Bates v. Super. Ct.*, 749 P.2d 1367, 1369 (Ariz. 1988); *Garcia v. Gen. Motors Corp.*, 990 P.2d 1069, 1075-76 (Ariz. App. 1999). Under this test, the Court must apply the law of the state that has the most significant relationship to the cause of action. *Garcia*, 990 P.2d at 1075-76. To determine which state has the most significant relationship, the Court must consider (1) where the injury occurred, (2) where the conduct causing the injury occurred, (3) the domicile and residence of the parties, and (4) where the relationship between the parties is centered. *Id.* at 1076. "Arizona courts traditionally have accorded great weight in the conflicts analysis to the domicile of the tort victim in a personal injury case." *Id.*

The Bernals argue that the Court should apply Arizona law, while Daewoo argues that "the law of forum where this accident occurred will govern." Dkt. #20 at 3. The Court agrees with the Bernals. Two important factors weigh in favor of applying Arizona law: (1) the Bernals are domiciled in Arizona, and (2) they purchased their vehicle here. Dkt. #22 at 4. The only factor that favors Mexico is that the accident occurred there, and this factor "loses significance if the place of injury is merely fortuitous" as it is here. *Garcia*, 990 P.2d

at 1076. Several Arizona courts have chosen to apply Arizona law, and not the law of the state where the accident occurred, in circumstances much like this. *See, e.g., id.*; *Baroldy v. Ortho Pharm. Corp.*, 760 P.2d 574, 578-79 (Ariz. App. 1988) (applying Arizona law even when three of the four factors weighed against application of Arizona law); *Moore v. Montes*, 529 P.2d 716, 720-21 (Ariz. App. 1974).

In addition, the Court must consider "(1) the needs of the interstate and international systems, (2) the relevant policies and interests of the competing forums, (3) the protection of justified expectations, (4) the basic policies underlying the field of law, (5) the certainty, predictability, and uniformity of result, and (6) the ease of determining and applying the law of the particular forum." *Garcia*, 990 P.2d at 1077. Daewoo has not asserted that the law of Mexico should be applied based on these factors. Given that Mexico's only contact with this litigation is that the accident occurred there, the Court does not find that the needs of Mexico or its policies demand that Mexican law be applied. *See Moore*, 529 P.2d at 720-21. The Bernals are not Mexican residents, Daewoo is not a Mexican corporation, and the litigation does not concern Mexico's traffic laws or tort policies. Arizona is clearly more central to this litigation. The Bernals are Arizona residents, Daewoo does business here, and the Bernals purchased their vehicle here. Arizona certainly has an interest in protecting its citizens under its laws and policy rationales. As a result, this Court finds that Arizona law should be applied in this case.

**III. Daewoo's affirmative defenses.**

The Bernals ask the Court to strike all of Daewoo's affirmative defenses. Dkt. #19. While the Court may strike insufficient defenses pursuant to Rule 12(f), "[m]otions to strike are viewed negatively because of the limited import of the pleadings under the Federal Rules." *Netflix, Inc. v. Blockbuster, Inc.*, 2006 WL 2458717, at *8 (N.D. Cal. 2006). Motions to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Id.* (citation omitted). Although motions to strike are generally disfavored, they "are proper when a defense is insufficient as a matter of law." *Torres v. Goddard*, 2008 WL 1817994, *1 (D. Ariz. 2008)

(citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).

The Bernals argue that all Daewoo's affirmative defenses are insufficient because they do not contain factual support as required by Federal Rule of Civil Procedure 8(b). Dkt. #19 at 3-4. Rule 8(b), however, does not apply to affirmative defenses. Rule 8(c) applies and requires a party to "affirmatively state any avoidance or affirmative defense." It does not contain the language from Rules 8(a) or 8(b) requiring a "short and plain statement" or "short and plain terms." The Court will not strike Daewoo's affirmative defenses on the ground that they do not comply with Rule 8(b).

The Bernals also argue that six of Daewoo's 17 affirmative defenses – statute of limitations, statute of repose, assumption of the risk, notice of claim, collateral source, and statutory cap – are insufficient as a matter of Arizona law and should be stricken with prejudice under Rule 12(f). The Court will consider these six affirmative defenses in turn.

### A. Statute of limitations.

Daewoo has asserted as an affirmative defense that "Plaintiffs' claims are barred by the applicable statute of limitations." Dkt. #16 at 7. The Bernals, however, assert that they complied with all applicable statutes of limitation. Under Arizona law, product liability claims, failure to warn claims, and wrongful death claims must be brought within two years of the accrual of the claim. A.R.S. §§ 12-542, 12-551. Survival actions and loss of consortium claims also have a two year limitation, as they also arise from injuries to person. A.R.S. § 12-542. The Bernals assert that they complied with the two year limitation because the claim accrued on July 28, 2007 – the date of the accident – and the Bernals filed the present case on July 21, 2009, less than two years later. Dkt. #19 at 4-5. Daewoo does not dispute these dates.

The Bernals also claim that they complied with the statute of limitations for their breach of warranty claim, which they assert could be either two years or four years depending on whether the claim sounds in contract or tort. *See* A.R.S. §§ 12-542, 47-2725 (indicating that there is a two year period for breach of warranty claims arising out of

personal injury and a four year period for contract disputes). Under A.R.S § 47-2725, however, a breach of warranty action based on contract must be brought within four years of accrual of the cause of action, which generally occurs "when tender of delivery is made." The Bernals did not inform the Court when they received their vehicle from Daewoo, so the Court cannot determine whether four years passed between "tender of delivery" and the date the Bernals brought suit. A.R.S § 47-2725. As a result, the Court cannot conclude that no applicable statute of limitations could bar the Bernals' claims. The Court will not strike the defense.

### B. Statute of repose.

Arizona recognizes a statute of repose in actions based in contract, but not in negligence claims. A.R.S. § 12-552; *see Flagstaff Affordable Housing Ltd. P'Ship v. Design Alliance, Inc.*, 212 P.3d 125, 132 (Ariz. App. 2009); *Fry's Food Stores of Ariz., Inc. v. Mather & Assoc., Inc.*, 900 P.2d 1225, 1227 (Ariz. App. 1995). Given that the Bernals assert a breach of warranty claim based upon "certain express and implied warranties" including the warranty of merchantability and the warranty of fitness for a particular purpose, the Court cannot hold that the Bernals' action is based entirely in tort and not in contract. Dkt. #1, ¶ 51; *see* A.R.S. § 47-2314 (indicating that the warranty of merchantability and the warranty of fitness for a particular purpose arise from contract); Am. L. Prod. Liab. 3d § 18:34 (stating that breach of warranty actions sound in contract). The Court cannot strike the defense on this ground.

### C. Assumption of the risk.

To "invoke the doctrine of assumed or incurred risk there must be either a risk or danger which the plaintiff knows of or appreciates, or the danger must be so obvious that the plaintiff will be presumed to have known and comprehended it." *Miller v. George F. Cook Constr. Co.*, 370 P.2d 53, 54 (Ariz. 1962). Whether the Bernals assumed the risk generally is a question of fact for the jury. *See A Tumbling-T Ranches v. Flood Control Dist. of Maricopa County*, --- P.3d ---, 2009 WL 3245447, *19 (Ariz. App. 2009). As a result, the Court cannot strike this defense on the ground that it is insufficient as a matter of law.

| | |
|---|---|
| 1 | **D. Notice of claim.** |
| 2 | Plaintiffs argue that there is no notice of claim requirement under Arizona law unless |
| 3 | the defendant is the state or federal government. *See* A.R.S. § 12-821.01. Daewoo does not |
| 4 | dispute this contention. As a result, the Court finds the notice of claim defense insufficient |
| 5 | as a matter of law and will strike it with prejudice. |
| 6 | **E. Collateral source.** |
| 7 | In Arizona, this defense applies in contract actions but not in tort actions. *See* |
| 8 | *Norwest Bank (Minn.), N.A. v. Symington*, 3 P.3d 1101, 1109 (Ariz. App. 2000); *Grover v.* |
| 9 | *Ratliff*, 586 P.2d 213, 215 (Ariz. App. 1978); *Silverson v. U.S.*, 710 F.2d 557, 559 (9th Cir. |
| 10 | 1983). Because the Bernals' breach of warranty action may sound in contract, the Court |
| 11 | cannot now hold this affirmative defense legally insufficient. The Court will not strike this |
| 12 | affirmative defense with prejudice. |
| 13 | **F. Statutory cap.** |
| 14 | The Bernals assert that there are no constitutional or statutory limitations on the |
| 15 | amount of recovery in the present action, and Daewoo has not pointed to any. The defense |
| 16 | will be stricken with prejudice. |
| 17 | **G. Summary.** |
| 18 | At this early stage of the litigation, the Court can conclude that only two of Daewoo's |
| 19 | affirmative defenses are insufficient as a matter of law – notice of claim and statutory cap. |
| 20 | The Court will strike these defenses with prejudice, but otherwise will deny the Bernals' |
| 21 | motion to strike. |
| 22 | **IV. Daewoo's claim for attorneys' fees.** |
| 23 | Arizona law generally does not permit the recovery of attorneys' fees unless provided |
| 24 | by statute or agreement of the parties. *See U.S. Fid. Guar. Co. v. Frohmiller*, 227 P.2d 1007, |
| 25 | 1008 (Ariz. 1951). Arizona statutes provide for attorneys' fees when the claim "aris[es] out |
| 26 | of a contract," or when the "claim or defense constitutes harassment" or "is not made in good |
| 27 | faith." A.R.S. § 12-341.01. The Bernals argue that Daewoo cannot recover attorneys' fees |
| 28 | because none of the claims sound in contract. As discussed above, however, the Bernals' |

breach of warranty claim may sound in contract. *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 174 (Ariz. App. 2006) ("Time after time, Arizona courts have held that a claim for breach of warranty does arise out of contract for purposes of A.R.S. § 12-341.01(A)."). Moreover, Daewoo could be entitled to attorneys' fees for other reasons under A.R.S. § 12-341.01. Given these facts, the Court will not strike Daewoo's claim for attorneys' fees.

**IT IS ORDERED** that Plaintiffs' motion to strike (Dkt. #19) is **granted in part and denied in part** as set forth above.

DATED this 16th day of November, 2009.

_____
David G. Campbell
United States District Judge