**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Bernal, husband, individually and on behalf of Kevin Bernal, their minor son, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>Daewoo Motor America, Inc., a Delaware corporation, et al.,<br><br>    Defendants. | No. CV09-1502 PHX-DGC<br><br>**ORDER** |

The Bernals have filed a motion for reconsideration of the Court's recent order denying in part their motion to strike. Dkt. #31. The Bernals assert that the Court "failed to consider a material fact that was presented to the Court before its decision, namely that Plaintiffs withdrew their breach of warranty claim on October 9, 2009" – "well in advance of [the Court]'s November 17, 2009 Order." Dkt. #31 at 2-3.

The Court does not agree with this characterization of events. The Bernals stated in the Joint Case Management Report that they intended to drop the warranty claims. Dkt. #21. At the case management conference on October 16, 2009, the Court directed counsel for the Bernals to file an amended complaint in order to drop the claims. LiveNote Transcript, 10/16/09. The Court informed counsel that they did not need to seek leave to amend, and directed them to "go ahead and get that done. That way there won't be any confusion as we

move forward in the case as to what is at issue." *Id.* Counsel for the Bernals responded: "We will do that, Your Honor." *Id.*

The Bernals did not file the amended complaint. Thus, when the Court ruled on their motion to strike, the warranty claims were still in the case. It was not until after the motion for reconsideration was filed that the Bernals filed an amended complaint. Dkt. #32.

More importantly, the Bernals said nothing about dropping the warranty claims in their motion to strike or, significantly, in their reply memorandum which was filed after the October 16, 2009 case management conference. Dkt. ##19, 22. Thus, not only were the warranty claims still in the case when the Court ruled, but the Bernals said nothing to the contrary in their briefing on the motion.[1] The Court is flattered that counsel believe the Court could remember the statement from the Joint Case Management Report and the discussion at the October 16, 2009 conference, but with several hundred cases, the Court simply cannot recall the details of every case. And even if the Court did have such recall, the warranty claims were still in the case when the Court ruled.

Now that an amended complaint has been filed and the warranty claims dropped, counsel for the Bernals are directed to talk with Defendants and determine whether an agreement can be reached as to which defenses and claims should be dropped from the amended answer to be filed in response to the amended complaint. Counsel for the Bernals shall file a status report on such discussions, as well as a progress report on their efforts to serve unserved Defendants, by December 11, 2009.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Dkt. #31) is **denied**.

DATED this 23rd day of November, 2009.

_____
David G. Campbell
United States District Judge

---

[1] In fact, the Bernals said in their reply that their claims "predominantly sound in tort," suggesting that some portion were not tort claims. Dkt. #22 at 6. The Court assumed the Bernals were alluding to their still-existing warranty claims.