**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Bernal, husband, individually and on behalf of Kevin Bernal, their minor son, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Daewoo Motor America, Inc., a Delaware corporation, et al., <br><br> Defendants. | No. CV09-1502 PHX-DGC <br><br> **ORDER** |

Daewoo Motor America, Inc. ("Daewoo America") asks the Court to reconsider its recent order denying in part Plaintiffs' motion to strike their affirmative defenses. Dkt. #35. Daewoo America argues that Court prematurely decided which law governs this case.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's

1  initial decision, or (4) the moving party makes a convincing showing that the Court failed to
2  consider material facts that were presented to the Court at the time of its initial decision. *See,*
3  *e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz.
4  2003).

5  In their motion to strike, Plaintiffs argued that Daewoo America's affirmative
6  defenses should be stricken under Arizona law. *See* Dkt. #19 at 4-7. In response, Daewoo
7  America analyzed Arizona's choice of law rules and argued that Arizona law should not
8  apply. Dkt. #20 at 3. Plaintiffs responded to this argument in their reply. Dkt. #22 at 3-5.
9  The choice of law issue was thus clearly presented to the Court for decision.

10  Daewoo America never argued, as it does now, that consideration of the choice of law
11  issue and the motion to strike should be postponed until further discovery is conducted or
12  additional parties are brought into the case. The Court need not consider these arguments
13  made for the first time in a motion for reconsideration. *Martinez-Vazquez v. INS*, 346 F.3d
14  903, 905 n.5 (9th Cir. 2003).

15  Daewoo America also argues that the Court should not have considered matters
16  outside the pleading when deciding the motion to strike. Dkt. #35 at 2. In its response,
17  however, Daewoo America asked the Court to consider the "most critical information as to
18  where the accident occurred" – information, it claimed, that was "purposely omitted" from
19  the complaint. Dkt. #20 at 3. Moreover, even if the Court considered only the specific
20  allegations in the complaint – that Plaintiffs are residents of Maricopa County, Arizona and
21  that Daewoo America does business in Arizona – the Court still would have determined that
22  Arizona law applies. "Arizona courts traditionally have accorded great weight in the
23  conflicts analysis to the domicile of the tort victim in a personal injury case." *Garcia v. Gen.*
24  *Motors Corp.*, 990 P.2d 1069, 1075-76 (Ariz. App. 1999); *see Baroldy v. Ortho Pharm.*
25  *Corp.*, 760 P.2d 574, 580 (Ariz. App. 1988) (holding that, because "plaintiffs are Arizona
26  domiciliaries," Arizona law should apply even when the injury did not occur in Arizona, the
27  conduct causing the injury did not occur in Arizona, and the relationship between the parties
28  was centered in North Carolina).

1	**IT IS ORDERED** that Daewoo America's motion for reconsideration (Dkt. #35) is
2	**denied**.
3	DATED this 3rd day of December, 2009.

_David G. Campbell_
United States District Judge